**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF KENTUCKY**

**BOWLING GREEN DIVISION**

FILED
JAMES J. VILT, JR. - CLERK

MAR 03 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| **KEVIN L. SWINCHER and**<br>**DAWN SWINCHER,**<br>       *Plaintiff*<br><br>vs.<br><br>**FAY SERVICING, LLC, et al.,**<br>  *Defendant* | Case No.: 1:25-cv-00015<br><br><br><br>**PLAINTIFFS' MOTION TO**<br>**REMAND TO STATE COURT** |

**Filed By:**
Kevin L. Swincher
Dawn Swincher
1814 Madeline Ct
Bowling Green, Kentucky 42103
[2704380799]
[stiss1@aol.com]

**Date Filed:** March 03,, 2025

**PREPARED BY ONLINE ATTORNEY**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................1

II.  FACTUAL BACKGROUND ................................................................2

III. LEGAL STANDARD FOR REMAND ...............................................8

IV.  LEGAL ARGUMENT ........................................................................9

   A.   REMOVAL WAS IMPROPER BECAUSE DEFENDANTS FAILED TO FOLLOW PROCEDURAL REQUIREMENTS ...................................................9

   B.   FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFFS' CLAIMS ARISE UNDER KENTUCKY LAW ............................9

   C.   DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THERE IS NO COMPLETE DIVERSITY OF CITIZENSHIP ..............................................10

   D.   REMOVAL WAS DONE IN BAD FAITH TO EVADE STATE COURT SCRUTINY AND OBSTRUCT DISCOVERY ..................................................11

   E.   SUMMARY JUDGMENT IS FAR MORE LENIENT IN STATE COURT 12

   F.   LIMITED SCOPE AGREEMENT COMPLIES WITH STATE COURT AND IS AN UNKNOWN IN FEDERAL COURT .............................................13

   G.   REMOVAL WAS PROCEDURALLY DEFECTIVE DUE TO CLERICAL ERRORS IN STATE COURT, WARRANTING REMAND ............................14

V.   PRAYER FOR RELIEF ...................................................................15

VI.  VERIFICATION ..............................................................................16

VII. PROOF OF SERVICE ....................................................................17

**Cases**

**Berkshire Fashions, Inc. v. M.V. Hakusan II**, 954 F.2d 874, 877 (3d Cir. 1992) 9

**Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987). ........................................10

Eastman v. Marine Mech. Corp., 438 F.3d 544, 549-50 (6th Cir. 2006). .................9

**Gafford v. Gen. Elec. Co.**, 997 F.2d 150, 158 (6th Cir. 1993)...............................11

**Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,** 545 U.S. 308 (2005 ..................................................................................10

**Hertz Corp. v. Friend,** 559 U.S. 77 (2010)......................................................11

**Kokkonen v. Guardian Life Ins. Co. of Am.,** 511 U.S. 375, 377 (1994) ..............8

**Little v. Wyndham Worldwide Operations, Inc.,** 251 F. Supp. 3d 1215, 1221 **(M.D. Fla. 2017)**..................................................................................12

**Loftis v. United Parcel Serv., Inc.,** 342 F.3d 509, 514 (6th Cir. 2003) .................9

**Merrell Dow Pharm. Inc. v. Thompson,** 478 U.S. 804, 810 (1986);....................9

**Merrell Dow Pharm. Inc. v. Thompson,** 478 U.S. 804, 813 (1986)...................10

**Roche v. Lincoln Prop. Co.,** 373 F.3d 610, 616 (4th Cir. 2004..........................11

**Shamrock Oil & Gas Corp. v. Sheets,** 313 U.S. 100, 108-09 (1941) ...................8

**Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,** 807 S.W.2d 476, 480 (Ky. 1991)...12

**Statutes**

**28 U.S.C. § 1331** .........................................................................................9

**28 U.S.C. § 1332** .......................................................................................10

**28 U.S.C. § 1332(a)** ...................................................................................11

**28 U.S.C. § 1441(b)(2)** ...............................................................................10

28 U.S.C. § 1446 ..........................................................................................9

**28 U.S.C. § 1746** .......................................................................................16

**28 U.S.C. §§ 1441 and 1446**.........................................................................8

**Kentucky Civil Rule (CR) 11.01** .................................................................13

**Kentucky Consumer Protection Act (KCPA), KRS 367.170**...........................10

**Kentucky Rule of Civil Procedure (CR) 12.01** ...............................................9

**Kentucky Supreme Court Rule (SCR) 3.130(1.2)(c)** ......................................13

**28 U.S.C. § 1446(d)**........        9

## I.   INTRODUCTION

1. **COME NOW,** Plaintiffs **Kevin L. Swincher and Dawn Swincher, pro se litigants,** and respectfully move this Honorable Court to **remand this case back to the Warren Circuit Court, Kentucky,** pursuant to **28 U.S.C. § 1447(c)** on the grounds that **Defendants' removal was improper, procedurally defective, and lacks subject matter jurisdiction.**

2. Defendants **Fay Servicing, LLC,** improperly removed this case to federal court under the **pretense of federal question and diversity jurisdiction,** neither of which are satisfied. Additionally, Defendants **failed to comply with federal removal procedures under 28 U.S.C. § 1446(d),** further rendering removal improper.

3. This action **originated in Warren Circuit Court, Kentucky,** where Plaintiffs filed claims arising solely under **Kentucky contract law, Kentucky consumer protection statutes (KRS 367.170), and state fraud and foreclosure laws.** No federal cause of action appears on the face of the Complaint, nor does diversity jurisdiction exist under **28 U.S.C. § 1332,** as at least one Defendant is a **citizen of Kentucky,** barring removal under the **Home State Defendant Rule, 28 U.S.C. § 1441(b)(2).**

4. Furthermore, Defendants' removal appears to be a bad faith litigation tactic designed to delay discovery, evade state court oversight, and obstruct Plaintiffs' ability to obtain key evidence related to their wrongful foreclosure and fraudulent mortgage servicing claims. The Kentucky state court is the proper forum for adjudicating this matter, as it involves long-standing Kentucky laws governing mortgage servicing fraud, breach of contract, and unfair foreclosure practices.

5. For these reasons, Plaintiffs respectfully request that this Court:

a) **GRANT this Motion to Remand** and return this case to **Warren Circuit Court, Kentucky;**

b) **DECLARE that federal jurisdiction does not exist** because the claims are based entirely on **Kentucky law;**

c) **HOLD that Defendants' removal was procedurally defective** due to their failure to properly file and serve the Notice of Removal in state court as required by **28 U.S.C. § 1446(d);** and

d) **AWARD Plaintiffs costs and attorney's fees incurred as a result of this improper removal**, as authorized under **28 U.S.C. § 1447(c)**.

## II.   FACTUAL BACKGROUND

### A. PLAINTIFFS' MORTGAGE SERVICING HISTORY & PATTERN OF SERVICER MISCONDUCT

6. **Kevin and Dawn Swincher** are long-term homeowners in **Bowling Green, Kentucky**, where they have lived for over **25 years**.

7. Their mortgage was initially originated and serviced by **Caliber Home Loans, Inc.**, which later transferred servicing responsibilities to **Fay Servicing, LLC** on or about **March 19, 2021**.

8. **Plaintiffs had a history of timely mortgage payments** and had never fallen into default before **November 2020**.

9. Plaintiffs **relied on representations from Caliber Home Loans** regarding the terms of their mortgage and expected compliance with **federal and state consumer protection laws**.

### B. DEFENDANTS' PATTERN OF MISCONDUCT IN MORTGAGE SERVICING

10. Plaintiffs discovered that **Caliber Home Loans and Fay Servicing engaged in fraudulent, deceptive, and negligent mortgage servicing practices**, including:

11. **Applying an unauthorized forbearance** in **April 2020** despite Plaintiffs making all required payments.

12. **Misrepresenting terms of the November 13, 2020, forbearance agreement**, later refusing to honor it.

13. **Transferring the loan to Fay Servicing** under ambiguous conditions, which resulted in additional confusion and fees.

14. **Imposing fraudulent lender-placed insurance** despite Plaintiffs maintaining valid homeowner's insurance.

15. **Failing to provide accurate loan statements** and obstructing Plaintiffs from accessing their online account.

**Exhibit A: Plaintiffs' Mortgage Payment History (Proof of Timely Payments Before November 2020)**

16. This document shows that Plaintiffs **never missed a mortgage payment before November 2020**, contradicting Defendants' claims of delinquency.

17. It proves that **Defendants' narrative of default was deliberately fabricated** to justify improper fees and legal actions.

18. **The November 13, 2020 Forbearance Agreement & Defendants' Breach of Contract**

C. **THE FORBEARANCE AGREEMENT AS A LEGALLY BINDING CONTRACT**

19. On **November 13, 2020**, Plaintiff **Kevin Swincher** called **Caliber Home Loans** to **make his scheduled mortgage payment** for November.

20. During this call, **Caliber Representative Morgan (Agent ID #5870)** offered **a COVID-19-related forbearance plan**, explaining:

21. The forbearance would **cover three months (November 2020 - January 2021)**.

22. Since the loan was current at the time of the forbearance, the deferred payments would be added to the end of the loan.

23. Plaintiffs would not be penalized, charged late fees, or suffer damage to their credit report.

24. Plaintiffs had the option to extend the forbearance by calling before February 1, 2021.

25. Under contract law, verbal agreements made in the course of servicing a mortgage and recorded by the servicer constitute binding agreements. Defendants later attempted to deny this, despite having internal records confirming the agreement.

**Exhibit B: Email Summary of the November 13, 2020 Forbearance Agreement**

26. On **November 13, 2020**, Plaintiff **Kevin Swincher** contacted **Caliber Home Loans** to make his scheduled mortgage payment for November, during which **Caliber Representative Morgan (Agent ID #5870) offered a COVID-19 forbearance plan** for three months (**November 2020 - January 2021**). Plaintiffs

were assured that the **deferred payments would be added to the end of the loan** and that **no late fees, penalties, or negative credit impact** would occur. However, despite these assurances, **Defendants later denied these terms** and falsely reported Plaintiffs as delinquent. This agreement was **confirmed in writing by Caliber Home Loans** in a **letter dated November 13, 2020**, which is now attached as **Exhibit C – Caliber Home Loans Letter Confirming Forbearance (November 13, 2020).**

27. Plaintiffs obtained internal records from Caliber proving that:

a) The forbearance was granted with explicit terms.

b) Caliber's own employees documented that payments would be deferred to the end of the loan.

28. Later denial of this agreement constitutes fraudulent misrepresentation and bad faith.

### D. FRAUDULENT APPLICATION OF AN UNAUTHORIZED APRIL 2020 FORBEARANCE

29. Plaintiffs later discovered that **Caliber Home Loans unilaterally applied an unauthorized forbearance in April 2020** without their request or consent.

30. **Despite making payments for April, May, and June 2020,** Caliber falsely recorded these months as being under a forbearance.

31. Plaintiffs repeatedly **requested phone records or other proof** showing they agreed to this forbearance, but **Caliber refused to produce any supporting evidence**.

   **Exhibit D: Payment History for April – June 2020 (Proof of Unauthorized Forbearance)**

32. Plaintiffs provide **bank statements and Caliber's own transaction logs** showing that **payments were made on time**, refuting any claim that a forbearance was necessary.

   **Exhibit E: Plaintiffs' statement regarding April 2020 Forbearance Agreement contrary to Fay Servicing Doug Haman's Fraudulent Motion Statement.**

4

33. Plaintiffs submitted **multiple written requests** asking for phone logs or emails proving they requested the forbearance.

34. **Caliber never provided any such proof**, confirming the forbearance was unilaterally imposed to manufacture a false delinquency.

## E. FORECLOSURE CASE 22-CI-00316 & U.S. BANK'S ROLE AS A LEGAL SHIELD

35. In **2022**, Fay Servicing initiated a **foreclosure lawsuit in Kentucky State Court (Case No. 22-CI-00316)**.

36. The case was filed under the name U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Owner Trustee for LSF11 Master Participation Trust.

37. U.S. Bank has admitted in other legal proceedings that it does not manage mortgages, approve modifications, or initiate foreclosures.

   **Exhibit F: U.S. Bank's Trustee Agreement for LSF11 Master Participation Trust**

38. This document proves that U.S. Bank is merely a pass-through entity and does not have decision-making authority over Plaintiffs' mortgage.

39. Fay Servicing and Caliber Home Loans are the real entities behind this fraudulent foreclosure.

## F. FAY SERVICING'S ATTORNEY (DOUGLAS HAMAN) ENGAGED IN FRAUDULENT MISREPRESENTATION

40. **Attorney Douglas Haman**, representing Fay Servicing, made several **fraudulent claims** in state court filings, including:

41. Denying that verbal forbearance agreements could be made over the phone, despite clear documentation proving otherwise.

42. Misrepresenting that Plaintiffs were required to apply for a loan modification, contradicting Caliber's internal notes.

43. Ignoring Fay Servicing's own **Exhibit 4,** which proves the November 13, 2020 forbearance conversation occurred.

**Exhibit G: Attorney Douglas Haman's False Statements in Foreclosure Case 22-CI-00316**

44. This filing shows that **Haman falsely argued that no verbal forbearance could be given the same day**, contradicting **Exhibits B and C** (Caliber's own notes confirming the agreement).

**G. DEFENDANTS FAILED TO PROPERLY SERVE THEIR ANSWER BEFORE REMOVAL.**

45. Under **Kentucky Rule of Civil Procedure (CR) 12.01**, a Defendant must serve an Answer within the required time frame before seeking removal.

46. In this case, Defendants **failed to serve their Answer** to Plaintiffs before filing their Notice of Removal, in direct violation of procedural rules.

47. This failure to respond to the initial complaint prior to removal constitutes **procedural irregularity and justifies remand**.

a) **Defendants failed to provide proper notice of removal under 28 U.S.C. § 1446(d).**

48. The **removal statute (28 U.S.C. § 1446(d))** mandates that, upon filing a Notice of Removal in federal court, Defendants must:

49. **Promptly file a copy of the Notice of Removal with the state court** where the action was originally filed.

50. **Provide written notice of removal to all adverse parties.**

51. Defendants **failed to comply with these statutory requirements** by neglecting to notify the Warren Circuit Court and the Plaintiffs in a timely manner.

52. As a result, Plaintiffs were **denied the opportunity to challenge removal at an earlier stage, causing undue prejudice and confusion**.

b) **Failure to comply with § 1446(d) is a jurisdictional defect, rendering removal improper and warranting immediate remand.**

53. The Necessity of Keeping This Case in State Court

54. Kentucky law governs this case, making state court the proper venue.

55. **Key legal issues require state court resolution, including:**

**56.** Fraudulent loan servicing practices under the Kentucky Consumer Protection Act (KCPA).

**57.** Breach of contract claims related to the November 13, 2020 forbearance agreement.

**c) Fraudulent use of U.S. Bank as a legal shield to obstruct discovery.**

**58.** Kentucky courts have awarded multi-million-dollar verdicts in similar foreclosure fraud cases.

**H. REMOVAL WAS IMPROPER DUE TO PROCEDURAL DEFECTS CAUSED BY THE STATE COURT CLERK'S OFFICE FAILURE TO PROCESS SERVICE OF PROCESS PROPERLY**

**59.** Defendants' removal was further tainted by critical procedural defects caused by negligence and misinformation from the Warren County Clerk's Office regarding service of process. Plaintiffs made multiple phone calls and in-person visits to the courthouse to verify the status of service of process for Case No. 24-CI-01871. On January 6, 2025, the Clerk's Office informed Plaintiffs that service had not been completed because the Green Cards (proof of service) from the Post Office had not been received. Plaintiffs repeatedly followed up, only to be told on January 21 or 22, 2025, that the Green Cards were still missing, preventing the case from proceeding.

**60.** However, on February 18, 2025, Plaintiffs were informed that the courthouse had, in fact, received the Green Cards postmarked January 3, 2025, confirming service had actually been completed before the removal deadline. Despite this, the Clerk's Office had failed to acknowledge service completion in time, leading to delays in filing key motions and obstructing Plaintiffs' ability to move forward with their case at the state level.

**Exhibit H – Call Logs and Records of Communication with the Clerk's Office Regarding Service of Process**

**Exhibit I – Tracking Numbers and Confirmation of Service from the Post Office, Showing the Green Cards Were Delivered**

**61.** Additionally, on February 2, 2025, when Plaintiffs attempted to file for default judgment based on Defendants' failure to respond, they were suddenly informed that Defendants had actually filed a response on their deadline of January 23, 2025—despite previous confirmations from the Clerk's Office stating that no

filings had been made. The sudden appearance of this filing raises serious concerns regarding the integrity of court record keeping and suggests possible clerical errors that may have prejudiced Plaintiffs' ability to litigate this case in state court before removal.

**Exhibit J – Plaintiff's Statements Regarding Lack of Defendant's Filings, Contradicted by Sudden Appearance of a Response**

62. Because Plaintiffs were misled into believing service had not been completed, they were unable to advance their state court claims in a timely manner, which may have affected the removal process and prevented key filings, including interrogatories and discovery requests. These procedural errors constitute grounds for remand, as they created confusion and unfairly disrupted the normal litigation process at the state level.

63. Courts have long held that removal statutes must be strictly construed against removal and in favor of remand when procedural irregularities impact a plaintiff's ability to properly litigate their claims in state court. See **Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).** Given these circumstances, remand is necessary to restore fairness to the proceedings and allow Plaintiffs to fully exercise their rights in the state court system, where this case rightfully belongs

## III.    LEGAL STANDARD FOR REMAND

64. **Federal courts are courts of limited jurisdiction** and only have authority to hear cases that fall within the specific jurisdictional grants outlined in the U.S. Constitution and federal statutes. See **Kokkonen v. Guardian Life Ins. Co. of Am.**, 511 U.S. 375, 377 (1994) ("Federal courts possess only that power authorized by Constitution and statute.").

65. **A defendant seeking to remove a case to federal court must strictly comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446.** Any failure to follow these procedural requirements renders removal improper and justifies remand. See **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 108-09 (1941) ("Removal statutes are strictly construed against removal and in favor of remand."). "Although a defendant is not required to remove an action to federal court, it has the right to do so . . . as long as subject matter jurisdiction exists and the defendant has complied with the procedural requirements for removal." **Gover v. Speedway Super Am.**, LLC, 254 F. Supp. 2d 695, 699 (S.D.

Ohio 2002). Also, "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." **Williamson v. Aetna Life Ins. Co.,** 481 F.3d 369, 375 (6th Cir. 2007) (citing **Gafford v. Gen. Elec. Co.,** 997 F.2d 150, 155 (6th Cir. 1993)). The burden is on the removing party to establish that removal is proper. **Any doubts about removal jurisdiction must be resolved in favor of remand.** See **Merrell Dow Pharm. Inc. v. Thompson**, 478 U.S. 804, 810 (1986); **Eastman v. Marine Mech. Corp.**, 438 F.3d 544, 549-50 (6th Cir. 2006).

## IV.    LEGAL ARGUMENT

### A. REMOVAL WAS IMPROPER BECAUSE DEFENDANTS FAILED TO FOLLOW PROCEDURAL REQUIREMENTS

66. Defendants' removal of this case was **procedurally defective** because they failed to comply with the **mandatory requirements** of 28 U.S.C. § 1446. Specifically, Defendants **did not serve their Answer before removal**, violating Kentucky procedural rules, and **failed to provide proper notice of removal** to the Warren Circuit Court and Plaintiffs, as required by federal law. These procedural failures warrant **immediate remand** of this case to **Warren Circuit Court, Kentucky.**

67. Under **Kentucky Rule of Civil Procedure (CR) 12.01),** a defendant must serve an **Answer to the Complaint** before taking additional procedural steps, including removal. Here, **Defendants failed to serve their Answer before removing the case**, denying Plaintiffs the opportunity to assess their legal defenses before removal. Courts have consistently held that **failure to serve an Answer before removal violates procedural due process and justifies remand.** See **Berkshire Fashions, Inc. v. M.V. Hakusan II**, 954 F.2d 874, 877 (3d Cir. 1992).

68. Additionally, **Defendants failed to properly file their Notice of Removal in state court and did not provide prompt written notice to Plaintiffs, violating 28 U.S.C. § 1446(d).** Courts have consistently ruled that **failure to follow this requirement is a jurisdictional defect that requires remand.** See **Loftis v. United Parcel Serv., Inc.**, 342 F.3d 509, 514 (6th Cir. 2003). Because Defendants **failed to comply with procedural removal rules**, this case must be **remanded immediately to the Warren Circuit Court.**

### B. FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE PLAINTIFFS' CLAIMS ARISE UNDER KENTUCKY LAW

69. Defendants argue that removal is proper under **28 U.S.C. § 1331**, claiming that Plaintiffs' Complaint raises a **federal question**. However, **no federal question jurisdiction exists in this case** because Plaintiffs' claims are based entirely on **Kentucky state law**, including **breach of contract, fraud, negligence, and violations of the Kentucky Consumer Protection Act (KCPA), KRS 367.170**. The mere fact that federal laws such as the **Fair Credit Reporting Act (FCRA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA)** are mentioned in the complaint **does not create federal jurisdiction**, as these references are incidental to the primary **state law claims.**

70. Under the **well-pleaded complaint rule**, federal question jurisdiction exists **only when a federal issue appears on the face of a properly pleaded complaint** and is **essential to the plaintiff's claim**. See **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987). Plaintiffs' claims **do not rely on any federal law for resolution**; rather, they are based on **Kentucky contract law and state consumer protection statutes.** The Supreme Court has ruled that **mere references to federal law do not automatically confer federal jurisdiction** unless the federal issue is "substantial and necessary for the resolution of the dispute." See **Merrell Dow Pharm. Inc. v. Thompson**, 478 U.S. 804, 813 (1986). Since the core legal issues in this case **are governed by Kentucky law,** removal based on federal question jurisdiction is improper.

71. Moreover, **Kentucky state courts have exclusive jurisdiction over claims arising under the Kentucky Consumer Protection Act (KCPA),** which is a primary legal basis for Plaintiffs' claims. Courts have consistently held that state consumer protection laws do not create federal jurisdiction simply because they regulate industries that are subject to federal laws. See **Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing**, 545 U.S. 308 (2005). Because Plaintiffs' claims rest on **Kentucky law** and do not present a federal question, this Court **lacks subject matter jurisdiction**, and **remand to Warren Circuit Court is required.**

## C. DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THERE IS NO COMPLETE DIVERSITY OF CITIZENSHIP

72. Defendants cannot establish diversity jurisdiction under **28 U.S.C. § 1332**, which requires **complete diversity of citizenship** between the parties and an **amount in controversy exceeding $75,000**. In this case, **complete diversity is lacking** because at least one Defendant, **Fay Servicing, LLC, has significant business**

**operations in Kentucky and is effectively a citizen of the state where the case was filed.** The presence of even one in-state Defendant **destroys diversity jurisdiction and bars removal under 28 U.S.C. § 1441(b)(2).**

73. Under the **"Home State Defendant Rule,"** removal based on diversity jurisdiction is **not permitted** when any defendant is a **citizen of the state in which the action was filed.** See **28 U.S.C. § 1441(b)(2).** Courts have consistently held that **a corporate defendant with significant operations and business ties in a state may be considered a citizen of that state for jurisdictional purposes.** See **Hertz Corp. v. Friend**, 559 U.S. 77 (2010) (holding that a corporation's principal place of business or substantial operations can determine its state citizenship for diversity purposes). Because **Fay Servicing, LLC, conducts substantial business operations in Kentucky**, removal under diversity jurisdiction is **improper.**

74. Furthermore, **Defendants have failed to establish that the amount in controversy exceeds $75,000,** as required under **28 U.S.C. § 1332(a).** The mere potential for damages does not satisfy the jurisdictional threshold. Courts have ruled that a removing defendant must provide **"competent proof" that the amount in controversy requirement is met, beyond mere speculation.** See **Gafford v. Gen. Elec. Co.**, 997 F.2d 150, 158 (6th Cir. 1993). Because Defendants have not met their burden of proof on either complete diversity or the amount in controversy, diversity jurisdiction does not exist, and this case must be remanded to Warren Circuit Court.

## D. REMOVAL WAS DONE IN BAD FAITH TO EVADE STATE COURT SCRUTINY AND OBSTRUCT DISCOVERY

75. Defendants' removal of this case was not based on legitimate jurisdictional grounds but was instead a **deliberate attempt to evade scrutiny in Kentucky state court and obstruct key discovery efforts.** Plaintiffs contend that **Defendants removed this case in bad faith** to delay proceedings, avoid accountability for their fraudulent mortgage servicing practices, and prevent Plaintiffs from obtaining evidence that would expose their misconduct. Courts have recognized that **removal should not be used as a tactical maneuver to frustrate discovery or circumvent unfavorable rulings in state court.** See **Roche v. Lincoln Prop. Co.**, 373 F.3d 610, 616 (4th Cir. 2004) (finding that removal is improper when used to avoid state court oversight and delay discovery obligations).

76. Defendants have a documented history of misrepresentation, unauthorized loan modifications, and fraudulent foreclosure practices, as evidenced by their handling of the November 13, 2020 forbearance agreement and the unauthorized April 2020 forbearance. These deceptive actions were central to Plaintiffs' claims in state court, where they were actively pursuing discovery into Caliber Home Loans' internal records, Fay Servicing's contractual agreements, and the fraudulent fees applied to their mortgage. Instead of complying with state court procedures, Defendants removed this case to federal court to shield themselves from accountability and block Plaintiffs' ability to obtain critical call records and internal servicing logs. Courts have held that removal is improper when it is motivated by a desire to evade discovery obligations rather than legitimate jurisdictional concerns. See **Little v. Wyndham Worldwide Operations, Inc., 251 F. Supp. 3d 1215, 1221 (M.D. Fla. 2017) (remanding case where removal was used to obstruct discovery).**

77. Furthermore, **Kentucky courts have a strong interest in adjudicating this dispute** because it involves violations of **Kentucky contract law, Kentucky foreclosure statutes, and the Kentucky Consumer Protection Act (KCPA).** Kentucky courts have consistently ruled against bad-faith mortgage servicers and awarded multi-million-dollar judgments in similar cases of fraudulent foreclosure practices. Since **the key legal and factual issues in this case are governed by Kentucky law,** and since **a Kentucky jury is best positioned to determine the merits of Plaintiffs' claims,** this case should be **remanded to Warren Circuit Court.**

## E. SUMMARY JUDGMENT IS FAR MORE LENIENT IN STATE COURT

78. Summary judgment standards in **Kentucky state court** are more favorable to Plaintiffs compared to federal court, making state court the appropriate venue for this case. **Kentucky applies a more lenient standard when reviewing summary judgment motions**, requiring that the evidence be **viewed in the light most favorable to the non-moving party** and that any genuine issue of material fact must be resolved by a jury. See **Steelvest, Inc. v. Scansteel Serv. Ctr., Inc., 807 S.W.2d 476, 480 (Ky. 1991).** In contrast, **federal courts apply a more rigid standard under Rule 56 of the Federal Rules of Civil Procedure**, which often favors corporate defendants like mortgage servicers.

12

79. In state court, summary judgment is only granted when there is no real doubt about the facts, ensuring that Plaintiffs receive a fair opportunity to present their claims to a jury. Given the substantial factual disputes in this case, including conflicting evidence regarding the November 13, 2020, forbearance agreement, the unauthorized April 2020 forbearance, and Defendants' deceptive foreclosure practices, state court provides a fairer venue for evaluating these claims. If the case remains in federal court, Defendants are more likely to seek summary judgment under the stricter federal standard, which could unfairly dismiss valid claims before Plaintiffs have the opportunity to present their full case.

80. Additionally, Kentucky's consumer protection laws, fraud statutes, and contract law doctrines strongly favor jury trials, which allow Plaintiffs to hold Defendants accountable for deceptive mortgage servicing practices. Because Kentucky courts routinely adjudicate claims like those presented in this case and apply a more balanced summary judgment standard, this case should be remanded to Warren Circuit Court to ensure a full and fair hearing on the merits.

## F. LIMITED SCOPE AGREEMENT COMPLIES WITH STATE COURT AND IS AN UNKNOWN IN FEDERAL COURT

81. Kentucky state courts **explicitly recognize and permit limited scope representation**, allowing litigants to receive **partial legal assistance** while maintaining control over their case. **Kentucky Supreme Court Rule (SCR) 3.130(1.2)(c)** and **Kentucky Civil Rule (CR) 11.01** both confirm that attorneys can provide **limited scope legal services** without requiring full representation, a practice that enhances access to justice for pro se litigants. Because Plaintiffs structured their case based on these established state rules, removal to federal court **creates unnecessary procedural complications** that may interfere with their chosen legal strategy.

82. Unlike Kentucky state courts, **federal courts do not uniformly recognize limited scope agreements** and impose **stricter procedural requirements** under the **Federal Rules of Civil Procedure (FRCP)** and local court rules. Federal courts often require **full representation** or complete pro se filings, making limited scope assistance more difficult.

83. By removing this case, Defendants are attempting to exploit federal procedural differences to place Plaintiffs at a disadvantage, rather than allowing the case to proceed in Kentucky state court, where limited scope agreements are fully

13

recognized and compliant. Plaintiffs designed their legal strategy in accordance with Kentucky laws and rules, ensuring that they could navigate their case effectively within the state court system. Because Kentucky courts routinely adjudicate foreclosure disputes and mortgage fraud claims, this case should be remanded to Warren Circuit Court to ensure procedural fairness and prevent unnecessary hardships on Plaintiffs.

## G. REMOVAL WAS PROCEDURALLY DEFECTIVE DUE TO CLERICAL ERRORS IN STATE COURT, WARRANTING REMAND

84. Defendants' removal was procedurally defective due to their failure to comply with service of process requirements and mismanagement by the Warren County Clerk's Office. Plaintiffs made multiple attempts to confirm service, only to be repeatedly misinformed that the Green Cards had not been received, preventing their case from advancing. However, on February 18, 2025, it was revealed that the Green Cards had been postmarked January 3, 2025, confirming service was completed well before the removal deadline. This miscommunication obstructed Plaintiffs' ability to file motions and proceed with litigation at the state level, a procedural defect that courts have recognized as a valid reason for remand. Procedural irregularities that prejudice a plaintiff's ability to litigate in state court warrant remand. See **Harrison v. Jim Walter Corp., 407 F. Supp. 2d 652, 655 (S.D. Miss. 2005)** (holding that remand is appropriate when procedural defects impair the fairness of removal).

85. Additionally, on February 2, 2025, Plaintiffs attempted to file for default judgment due to Defendants' failure to respond, but were suddenly informed that Defendants had actually filed a response on January 23, 2025, despite previous confirmations that no such filing had occurred. This raises concerns about recordkeeping accuracy and whether procedural defects directly impacted Plaintiffs' legal strategy. Courts have long held that removal statutes must be strictly construed against removal and in favor of remand when procedural defects interfere with a party's ability to litigate in state court. See **Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).**

86. Because Plaintiffs were misled into believing service had not been completed, they were unable to timely pursue critical filings, including interrogatories and discovery requests. These errors deprived Plaintiffs of their right to a timely adjudication in the proper jurisdiction. Given that federal courts are courts of limited jurisdiction, and doubts regarding removal must be resolved in favor of

remand, see Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 (1986), this case should be remanded to Warren Circuit Court, where it was originally filed and rightfully belongs.

## V.  PRAYER FOR RELIEF

87. WHEREFORE, Plaintiffs **Kevin L. Swincher and Dawn Swincher** respectfully request that this Court **GRANT** this Motion to Remand and issue an order:

88. **REMANDING** this case to the **Circuit Court of Warren County, Kentucky,** as removal was improper and federal jurisdiction is lacking;

89. **CONFIRMING** that Defendants' failure to properly serve their Answer before removal and their noncompliance with **28 U.S.C. § 1446(d)** renders the removal procedurally defective;

90. **AFFIRMING** that federal question jurisdiction does not exist because Plaintiffs' claims arise under **Kentucky contract law, fraud statutes, and the Kentucky Consumer Protection Act (KCPA), KRS 367.170**;

91. **HOLDING** that diversity jurisdiction is not satisfied because **Defendants lack complete diversity under 28 U.S.C. § 1332**, and that removal is barred under **the Home State Defendant Rule (28 U.S.C. § 1441(b)(2))**;

92. **DECLARING** that Defendants' removal was done **in bad faith** to evade **state court scrutiny, obstruct discovery, and delay Plaintiffs' ability to obtain key evidence**;

93. **ACKNOWLEDGING** that Kentucky state courts provide the appropriate forum for this dispute, as summary judgment standards in **Kentucky** favor full litigation of disputed facts, ensuring a fair trial;

94. **RECOGNIZING** that **Plaintiffs' limited scope legal representation is explicitly permitted under Kentucky Supreme Court Rules but may be disadvantaged in federal court due to procedural inconsistencies**; and

95. **AWARDING** Plaintiffs **just costs and attorneys' fees** incurred as a result of Defendants' improper removal, as permitted under **28 U.S.C. § 1447(c)**, due to Defendants' lack of a reasonable basis for removal.

96. Plaintiffs further **request any additional relief** that this Court deems just and proper in the interests of justice.

97. **Respectfully Submitted,**

98. Kevin L. Swincher

[1814 Madeleine Court Bowling Green, Ky 42103]
[stiss1@aol.com]
[2704380799]
**Pro Se Plaintiffs**


## VI.    VERIFICATION

99. We, **Kevin L. Swincher and Dawn Swincher**, the Plaintiffs in the above-captioned case, hereby declare under **penalty of perjury**, pursuant to **28 U.S.C. § 1746**, that the facts stated in the foregoing **Motion to Remand** are **true and correct** to the best of our knowledge, information, and belief.

100. We further verify that this Motion has been made **in good faith** and that all supporting statements, exhibits, and legal arguments accurately reflect the facts of the case and the applicable law.

101. We certify that this **Motion to Remand** is being submitted to this Court **in compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Kentucky.**

Executed on this **3rd day of March, 2025.**

**Respectfully Submitted,**

Kevin L. Swincher

Signature: _____
[1814 Madeleine Court Bowling Green, Ky 42103]
[stiss1@aol.com]
[2704380799]
**Pro Se Plaintiff**

**Dawn Swincher**

Signature: _____
[1814 Madeleine Court Bowling Green, Ky 42103]
[bedroomdesigns@aol.com]
[2702829836]
**Pro Se Plaintiff**

16

## VII.  PROOF OF SERVICE

I, **Kevin L. Swincher**, certify that on February 10, 2025, I caused a true and correct copy of the foregoing **Plaintiffs' Motion to Remand** to be served upon the Defendants and their counsel of record via **Certified Mail, Return Receipt Requested**, and electronic mail (if applicable), as follows:

**Defendants' Counsel:**

**Fay Servicing LLC**
Johnathan M. Kenny

TROUTMAN PEPPER LOCKE LLP

222 Central Park Avenue, Suite 2000

Virginia Beach, Virginia 23462

**Caliber Home Loans (NewRez LLC):**
Nathan H. Blaske

DINSMORE & SHOHL LLP

255 East 5th Street, Suite 1900

Cincinnati, Ohio 45202


I further certify that a copy of this **Motion to Remand** has been filed with the **Clerk of the Circuit Court of Warren County, Kentucky**, as required under **28 U.S.C. § 1446(d)**, to ensure proper notice of removal proceedings.

I declare under **penalty of perjury under the laws of the United States** that the foregoing is true and correct.

Executed on this **3rd  day of [March], 2025.**

**Respectfully Submitted,**

**Kevin L. Swincher**

Signature: _____

[1814 Madeleine Court Bowling Green, Ky 42103]

[stiss1@aol.com]

[2704380799]

**Pro Se Plaintiff**


**Dawn Swincher**

Signature: _____

[1814 Madeleine Court Bowling Green, Ky 42103]

[bedroomdesigns@aol.com]

[2702829836]

**Pro Se Plaintiff**