UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00015-GNS-HBB

KEVIN L. SWINCHER et al.                                                                              PLAINTIFFS

v.

FAY SERVICING, LLC et al.                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (DN 11). The motion is ripe for adjudication.

### I.   BACKGROUND

Plaintiffs Kevin and Dawn Swincher (collectively, "the Swinchers") allege that Defendants Fay Servicing, LLC, ("Fay") and Caliber Home Loans, Inc., ("Caliber") acted unlawfully and negligently in servicing the Swinchers' mortgage loan. (Compl. ¶ 1, DN 1-1). The Swinchers filed suit in Kentucky state court, and Fay removed to federal court. (Compl; Notice Removal, DN 1). The Swinchers, proceeding *pro se*,[1] now move to remand. (Pls.' Mot. Remand, DN 11).

---

[1] The Swinchers state that their motion to remand was "PREPARED BY ONLINE ATTORNEY" and that their reply was "PREPARED WITH THE ASSISTANCE OF AN ONLINE ATTORNEY." (Pls.' Mot. Remand Cover Sheet; Pls.' Reply Mot. Remand 7, DN 12). As Fay notes, such ghostwriting by an attorney is generally disfavored by federal courts and may be sanctionable. *Buckner v. Hilton Glob.*, No. 3:24-CV-375-RGJ, 2025 WL 1725426, at *6 (W.D. Ky. June 20, 2025) ("Drafting legal documents for a pro se litigant is often called 'ghostwriting'— a practice the federal courts almost universally condemn."). "In similar fashion, the use of artificial intelligence to effectively 'ghostwrite' briefs, can allow for violation of the spirit of Rule 11 and creates serious concerns for maintaining candor to the Court." *Id.* As noted in this decision, the Swinchers have cited nonexistent case law, which is a violation of their duty of candor to the Court. As a sister court has noted, "many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few)." *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *8 (D. N.M. Oct. 23, 2023). The Swinchers are warned that any further citation to nonexistent legal authority may result in the imposition of sanctions against them.

1

## II.     DISCUSSION

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Thus, for an action to be eligible for removal, it must meet the requirements for either federal question jurisdiction or diversity of citizenship jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The Swinchers argue that Fay failed to establish diversity jurisdiction. (Pls.' Mot. Remand 10-11). Fay, however, did not remove based upon diversity jurisdiction but instead upon federal question jurisdiction. (Notice Removal ¶ 9).

If a federal court finds that it lacks subject matter jurisdiction over a case, it must remand the case to state court. 28 U.S.C. § 1447(c). As the removing party, Fay bears the burden of establishing the Court's subject matter jurisdiction over this dispute. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Federal courts strictly construe the requirements for removal jurisdiction and resolve any doubt of jurisdiction in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 108-09 (1941); *City of Detroit*, 874 F.2d at 339.

### A.     **Federal Question**

The federal-question statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

In this instance, a federal question is presented on the face of the Swinchers' complaint. Most obviously, under subheading F—titled "Violation of Federal and State Credit Reporting Laws"—the Swinchers allege that "Defendants violated the **Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681s-2(b)**, and Kentucky law . . . ." (Compl. 23). Because the Swinchers explicitly raised a claim under the FRCA, there is a federal question, and this Court may exercise jurisdiction.[2]

### B.     Procedural Requirements

Under 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). "Promptly after the filing of such notice of removal of a civil action[,] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d). Moreover, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Defendants complied with the procedural requirements for removal. The Complaint was served on Fay on January 3, 2025. (Pls.' Mot. Remand ¶¶ 59-60). On January 31—before the 30-day deadline—Fay removed the action to this Court. (Notice Removal). Caliber consented to removal. (Notice Removal Ex. C, DN 1-3). Contrary to the Swinchers' contention that Fay "failed

---

[2] "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal[,]" so the Swinchers may not retroactively abandon this claim effectively to avoid jurisdiction. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citation omitted); (Pls.' Mot. Remand 10).

3

to properly file their Notice of Removal in state court and did not provide prompt written notice to Plaintiffs," Fay filed its notice of removal in state court on January 31, and certified that it served a copy via U.S. mail to the Swinchers. (Pls.' Mot. Remand 9; Notice Removal Ex. B, at 3, DN 1-2). Even if the Swinchers did not ultimately receive a copy in the mail, Fay has indicated that it attempted to serve them.[3]

Additionally, although the Swinchers argue that defendants must file their answers in state court before removing to federal court, no cited authority supports this claim. (Pls.' Mot. Remand 6). Regardless, the Swinchers acknowledged that both Fay and Caliber filed their answers in state court prior to removal. (Pls.' Mot. Remand 7-8, 14; State Ct. Pleadings Ex. A, at 86, 118, DN 7-1).

### C. Remaining Arguments

If a defendant meets the requirements of 28 U.S.C. § 1446, it may remove its case to federal court. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity."). Fay has demonstrated that it met those requirements. So, none of the Swinchers' remaining arguments provide grounds for remand.

---

[3] "If a good faith effort to provide notice of the removal was made by a defendant, a remand need not be required if the defendant is able to show an attempt to notify the adverse party." *Id.* (citing *Alston v. Sofa Exp., Inc.*, No. 2:06-CV-491, 2006 WL 3331685, at *2 (S.D. Ohio Nov. 15, 2006)). Moreover, it is unclear that the Swinchers are actually contesting service of *the notice of removal*. Though the Swinchers cite to 28 U.S.C. § 1446(d) and the legal standards therein, they focus on the failure of the Warren County Clerk's Office to notify them regarding the service of *their complaint*. (Pls.' Mot. Remand 6-7, 9, 14). Tellingly, the Swinchers argue in their reply:

> In this case, Plaintiffs contend that Defendants failed to properly complete service of the removal documents and failed to timely file notice with the Warren Circuit Court. *Specifically*, Plaintiffs were misled by the Warren County Clerk's Office, which informed them service had not yet been completed . . . .

(Pls.' Reply Mot. Remand ¶ 36 (emphasis added)).

The Swinchers allege that Fay removed in bad faith to avoid discovery obligations, but provide no evidence to support this contention.[4] (Pls.' Mot. Remand 10-11). This case was removed only days after Defendants filed their answers—discovery had not yet begun. (Def.'s Resp. Pls.' Mot. Remand 5). Further, the clerical errors that the Swinchers complain of are not "procedural defects" that justify remand.[5] These allegations relate to the service of the Swinchers' complaint, not service of Fay's notice of removal. (Pls.' Mot. Remand 14). Mere procedural differences between state and federal court—such as the summary judgment standard and availability of partial legal assistance—are also not "defects" justifying remand. *See generally* 28 U.S.C. § 1447. Additionally, the Swinchers' *pro se* status and Kevin Swincher's medical hardship are also not proper grounds for remand. *See generally id.*

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 11) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 10, 2025

cc:   counsel of record
      Plaintiffs, *pro se*

---

[4] Further, neither case cited by the Swinchers stands for the proposition in its explanatory parenthetical or discusses defendants using removal to obstruct discovery. *See Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 616 (4th Cir. 2004) (holding that there is no diversity jurisdiction); *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Fla. 2017) (discussing propriety of snap removal).

[5] No cited authority supports the Swinchers' position. First, the Court is unable to locate any case styled *Harrison v. Jim Walter Corp.*, 407 F. Supp. 2d 652, 655 (S.D. Miss. 2005). Second, the other two cases cited only support the proposition that removal statutes should be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).