UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00015-GNS-HBB

KEVIN L. SWINCHER; and
DAWN SWINCHER                                                          PLAINTIFFS

v.

FAY SERVICING, LLC et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Renewed Motion to Remand (DN 26) and Plaintiffs' Motion for Leave to Amend (DN 30). The motions are ripe for adjudication.

## I.   STATEMENT OF FACTS AND CLAIMS

Plaintiffs Kevin and Dawn Swincher (collectively, "the Swinchers") allege that Defendants Fay Servicing, LLC, ("Fay") and Caliber Home Loans, Inc. ("Caliber") acted unlawfully and negligently in servicing the Swinchers' mortgage loan. (Compl. ¶ 1, DN 1-1). The Swinchers filed suit in Kentucky state court, and Fay removed to federal court. (Compl; Notice Removal, DN 1). The Swinchers, proceeding *pro se*, moved to remand. (Pls.' Mot. Remand, DN 11). This Court denied that motion. (Mem. Op. & Order, DN 22). The Swinchers have now filed a renewed motion to remand and a motion to amend. (Pls.' Renewed Mot. Remand, DN 26; Pls.' Mot. Leave Amend, DN 30).

## II.   DISCUSSION

### A.   Renewed Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Thus, for an

1

action to be eligible for removal, it must meet the requirements for either federal question jurisdiction or diversity of citizenship jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

If a federal court finds that it lacks subject matter jurisdiction over a case, it must remand the case to state court. 28 U.S.C. § 1447(c). As the removing party, Fay bears the burden of establishing the Court's subject matter jurisdiction over this dispute. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Courts strictly construe the requirements for removal jurisdiction and resolve any doubt of jurisdiction in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 108-09 (1941); *City of Detroit*, 874 F.2d at 339.

This Court previously ruled that it may exercise jurisdiction over this case because the complaint presented a federal question. (Mem. Op. & Order 3). Plaintiffs argue that the Court should remand because it has amended its complaint to remove the federal question. (Pls.' Renewed Mot. Remand, DN 26). For the purposes of this motion, the Court will assume that the complaint has been properly amended. The Supreme Court has held:

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). While Plaintiffs assert that all references to federal law have been removed from their Proposed Amendment Complaint, this is not so. Plaintiffs ask for declaratory relief under federal law, specifically "[t]hat Defendants

2

violated federal mortgage-servicing regulations, including Regulations under RESPA (12 U.S.C. § 2605; 12 C.F.R. Part 1024)[.]" (Pls.' Proposed Am. Compl. ¶ 142(b), DN 30-1). Therefore, a federal question still exists in Plaintiffs' Proposed Amendment Complaint.

Fay also argues that the Court has diversity jurisdiction. To establish diversity jurisdiction under Section 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332. In their Proposed Amended Complaint, Plaintiffs seek over $1.7 million in compensatory damages and assert that they are both citizens of Kentucky and that Defendants are all nonresidents.[1] (Pls.' Proposed Am. Compl. ¶¶ 12-14, 18-19, 22, 27, 131). Thus, diversity jurisdiction also exists.

Accordingly, Plaintiffs' renewed motion to remand will be denied.

**B.** **Motion for Leave to Amend**

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Plaintiffs filed a motion for leave to amend their complaint, which was intended to remove all references to federal law. (Pls.' Mot. Leave Amend 2). Defendants did not respond to this motion. Plaintiffs do not appear to seek to amend in bad faith or to delay judicial proceedings, and the proposed amendment does not add new claims and would not result in prejudice to Defendants. *See Rose v. Caldwell Tanks/Caldwell 2.0*, No. 3:25-CV-648-RGJ, 2025 WL 3565341, at *4 (W.D.

---

[1] Fay agrees that Defendants are not citizens of Kentucky. (Def.'s Resp. Pls.' Renewed Mot. Remand 3, DN 28).

Ky. Dec. 12, 2025) ("Even if [the plaintiff] is attempting to amend the complaint to defeat the federal court's removal jurisdiction, the Supreme Court was presented with, and sanctioned, these types of amendments in *Royal Canin . . . .*"); *Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC*, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed."); *McLean v. Alere Inc.*, No. 3:12-CV-566-DJH, 2015 WL 1638341, at *3 (W.D. Ky. Apr. 13, 2015) (finding no prejudice where plaintiff had yet to be deposed, no dispositive motions had yet been ruled on, and much discovery had been produced); *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017).  Though Plaintiffs' Proposed Amended Complaint does not accomplish Plaintiffs' goal of destroying jurisdiction, Plaintiffs' motion will be granted.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion to Remand (DN 26) is **DENIED**, and Plaintiffs' Motion for Leave to Amend (DN 30) is **GRANTED**, and Plaintiffs' Amended Complaint (DN 30-1) is hereby filed as of record.

**Greg N. Stivers, Judge**
**United States District Court**
April 8, 2026

cc:    counsel of record